**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. 22-cv-5997 |
| v. ) ) | |
| COA, INC. dba COASTER COMPANY OF AMERICA, FURNITUREDEALER.NET, INC., and AMAZON.COM, INC., ) ) ) ) ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, NAUTILUS INSURANCE COMPANY ("Nautilus"), by and through its attorneys, TRAUB LIEBERMAN STRAUS AND SHREWSBERRY, LLP, and for its Complaint for Declaratory Judgment against the Defendants, COA, INC. dba COASTER COMPANY OF AMERICA ("Coaster"), FURNITUREDEALER.NET, INC. ("FDN"), and AMAZON.COM, INC. ("Amazon"), alleges the following:

1. This is an insurance coverage dispute among and between Nautilus and Coaster, which involves claims brought by FDN against Coaster in a civil suit styled *FurnitureDealer.net v. Amazon.com, Inc., et al.*, United States District Court of Minnesota, Civil Case No. 0:18-cv-00232 (JRN/FLN) (the "Underlying Action").

2. Nautilus asks the Court to declare and adjudge the respective rights, duties and obligations of the parties under a primary policy of liability insurance issued by Nautilus to Coaster in connection with the Underlying Action.

3. Nautilus asks the Court to declare that there is no coverage in the Nautilus Policy issued to Coaster for the claims in the Underlying Action because the claims do not satisfy the

Insuring Agreement requirement of a "personal and advertising injury" offense during the policy period, the claims do not satisfy the definition of "personal and advertising injury," and/or the claims are excluded by the breach of contract exclusion. Nautilus further seeks a declaration that it is entitled to reimbursement of all amounts spent to defend, and indemnify or settle on behalf of, Coaster. Nautilus further seeks a declaration that the judgment rendered herein are binding on FDN and Amazon, as underlying plaintiff and counterclaimant, respectively.

## THE PARTIES

4. Nautilus is an Arizona corporation with its principal place of business in Scottsdale, Arizona.

5. Coaster is a California corporation with its principal place of business in California.

6. FDN is a Minnesota corporation with its principal place of business in Minnesota.

7. Amazon is a Delaware corporation with its principal place of business in Washington.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Nautilus seeks reimbursement of over $400,000 it has paid to defend Coaster in the Underlying Action to date. Likewise, the Underlying Action seeks well in excess of $75,000 from Coaster. Additionally, this Court has jurisdiction over the declaratory relief claim pursuant to 28 U.S.C. §§2201 and 2202.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3). All Defendants do not reside in the same judicial district, and there is no judicial district in which a substantial part of the events or omissions giving rise to this matter occurred because all relevant actions

and/or omissions occurred over the internet. Coaster is subject to the Court's personal jurisdiction with respect to this action because it maintains a physical office/warehouse in Des Planes, Illinois and sells furniture through over 100 retailers throughout northern Illinois, 30 of which are designated by Coaster as "Premier Coaster Dealers."

## THE NAUTILUS POLICY

10. Nautilus issued to Coaster Commercial General Liability policy number BK200455500, for the policy period February 1, 2012 to February 1, 2013. A true and correct copy of the Nautilus Policy is attached hereto as Exhibit "A."

11. The Nautilus Policy includes Personal and Advertising Injury Liability coverage as follows:

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. [. . .]
   * * *
   **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

12. The term "personal and advertising injury" and the related term "advertisement" are defined in the Nautilus Policy, in relevant part, as follows:

   **1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments for the purpose of attracting customers or supporters. For purposes of this definition:

      **a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and
      **b.** Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.
   * * *

Page **3** of **15**

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any matter, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your "advertisement"; or
   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

13. The Nautilus Policy includes the following exclusions, which provide that the Nautilus Policy does not apply to:

   a. **Knowing Violation Of Rights Of Another**

   "Personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

   * * *

   f. **Breach Of Contract**

   "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

   * * *

   i. **Infringement Of Copyright, Patent, Trademark Or Trade Secrets**

   "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

   However, this exclusion does not apply to infringement in your "advertisement", of copyright, trade dress or slogan.

14. By endorsement, coverage under the Nautilus Policy is further limited by the following additional language:

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of or directly or indirectly related to the actual or alleged infringement, violation or defense of any of the following rights or laws:
>
> 1. Copyright, other than infringement of copyrighted advertising materials.
> [. . .]

* * *

> In consideration of the premium charged, and notwithstanding anything contained in this policy to the contrary, it is agreed that this policy does not apply to liability for punitive or exemplary damages, in whatever form assessed.

**THE UNDERLYING ACTION**

15. The operative pleading in the Underlying Action is a First Amended Complaint filed on May 14, 2018. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "B."

16. The First Amended Complaint alleges that FDN provides internet marketing solutions for the home furnishings industry. FDN creates, designs, manages, and markets over 850 home furnishings websites, which includes the authoring and creation of original content for the managed websites. FDN maintains an "original product content library," stored in an automated database, which is used to populate the websites of FDN's clients.

17. The First Amended Complaint alleges that FDN's content library consists of copyright protected material and search engine optimized descriptive text. The First Amended Complaint alleges that the U.S. Register of Copyrights issued U.S. Certificate of Registration No. TXu 2-065-062, effective September 22, 2015, which confers copyright registration of FDN's content library.

18. The First Amended Complaint alleges that, pursuant to a Services and License Agreement ("S&L Agreement") between FDN and Coaster, FDN agreed to author, create, and maintain original and search engine optimized descriptive text for Coaster. The text FDN created

for Coaster, to which FDN claims ownership of all rights, title, and interest, is allegedly contained in the content library. The First Amended Complaint alleges that, pursuant to the S&L Agreement, FDN's material relating to Coaster is authorized and licensed to be used solely and exclusively with Coaster's website created and managed by FDN, and websites of authorized dealers who enter into their own separate licensing agreement with FDN.

19. According to the First Amended Complaint, "voluminous separate" Amazon URLs contain material about Coaster furniture copied from FDN's content library without authorization. The First Amended Complaint contains a detailed history of the alleged communications between FDN and Amazon relating to the "infringing" material on Amazon's URLs, starting with FDN's first written takedown request sent on February 25, 2016.

20. The First Amended Complaint alleges that Amazon received the allegedly infringing content from Coaster. On June 9, 2016, Coaster's in-house counsel allegedly acknowledged that FDN is the owner of the original copyright protected material being used by Amazon to promote and sell Coaster's furniture and confirmed that Coaster did not provide Amazon with authority to use FDN's content. The First Amended Complaint then alleges, however, that Coaster was "personally responsible for uploading some or virtually all of the subject" FDN material into Amazon's system. The First Amended Complaint alleges that Coaster's conduct was committed knowingly, intentionally, and willfully.

21. The First Amended Complaint alleges the following causes of action:

Count I: Direct Copyright Infringement (v. Amazon and Coaster)

Count II: Contributory Copyright Infringement (v. Amazon and Coaster)

Count III: Vicarious Copyright Infringement (v. Amazon and Coaster)

Count IV: Violation of 17 U.S.C. § 1202(b)(1) and (b)(3) (v. Amazon and Coaster)

Count V: Unjust Enrichment (v. Amazon and Coaster)

Count VI: Breach of Contract (v. Coaster)

Count VII: Breach of the Implied Covenant of Good Faith and Fair Dealing (v. Coaster)

22. In an order dated March 14, 2019, the court in the Underlying Action dismissed Count V on the basis that it is preempted by the Copyright Act. A copy of the March 2019 Order is attached hereto as Exhibit "C."

23. On March 25, 2022, the court in the Underlying Action granted in part and denied in part the parties' cross-motions for summary judgment. A copy of the March 2022 Order is attached hereto as Exhibit "D."

24. In the March 2022 Order, the court in the Underlying Action found, among other things, that in 2014, Coaster entered into a Vendor Terms and Conditions Contract (the "Vendor Contract") with Amazon, in which Amazon agreed to sell Coaster furniture on its website. Coaster agreed to provide Amazon with product information to facilitate Amazon's creation of the Coaster product detail pages on Amazon.com. The Vendor Contract specifically permitted Amazon to supplement that product information with the information on Coaster's website. Amazon communicated to Coaster the importance of good-quality product descriptions and how they can drive traffic to the website and result in higher customer sales. Amazon indicated that some of Coaster's product descriptions on Coaster's website were "not very good" and that it required more specific descriptions for the product detail pages. Amazon's team inquired about the product descriptions, as those descriptions were more detailed than the product descriptions provided by Coaster. Coaster indicated that these product descriptions were owned by FDN. Despite this, Amazon then scraped the FDN's descriptions from the Coaster website and uploaded them into its database to be displayed on Amazon's product detail pages for Coaster products.

25. Following entry of the March 2022 Order, the following causes of action must be tried by a jury based on issues of fact found by the judge:

    Count I:    Direct Copyright Infringement (v. Amazon)

    Count II:    Contributory Copyright Infringement (v. Amazon and Coaster)

    Count III:    Vicarious Copyright Infringement (v. Amazon)

    Count IV:    Violation of 17 U.S.C. § 1202(b)(1) (v. Amazon)

    Count VI:    Breach of Contract (v. Coaster)

26. The only causes of action remaining against Coaster in the Underlying Action are Contributory Copyright Infringement (Count II) and Breach of Contract (Count VI).

**COUNT I**
**NO DUTY TO DEFEND OR INDEMNIFY COUNT II OF UNDERLYING ACTION:**
**INSURING AGREEMENT OF COVERAGE B IS NOT SATISFIED**

27. Nautilus realleges and incorporates Paragraphs 1 through 26 above as and for Paragraph 27 of Count I, as if fully set forth herein.

28. To satisfy the Insuring Agreement of Coverage B (Personal and Advertising Injury Liability) of the Nautilus Policy, a "personal and advertising injury" offense must have taken place between February 1, 2012 and February 1, 2013 (the policy period).

29. A "personal and advertising injury" offense is, in relevant part, infringing on another's copyright, trade dress, or slogan in Coaster's "advertisement."

30. Coaster cannot be held liable for direct copyright infringement in the Underlying Action. Rather, Coaster can only be held liable for contributory copyright infringement in the Underlying Action based on Amazon's alleged direct copyright infringement, e.g., liability for Amazon's improper scraping of FDN's material.

31. Coaster and Amazon did not enter into the Vendor Contract until 2014.

32. The Vendor Contract permitted Amazon to supplement Coaster's product information with the information on Coaster's website.

33. Amazon allegedly scraped FDN's descriptions from Coaster's website and uploaded them into its own database to be displayed on Amazon's product detail pages for Coater products.

34. The alleged improper scraping of FDN's material by Amazon, the conduct alleged to constitute copyright infringement, did not occur until at least 2014.

35. To the extent improper scraping of FDN's material constitutes a "personal and advertising injury," such an offense could not have taken place between February 1, 2012 and February 1, 2013.

36. The Underlying Lawsuit, therefore, does not implicate the Insuring Agreement of the Nautilus Policy because no "personal and injury" offense occurred during the policy period.

37. Nautilus does not owe a duty to indemnify Coaster in connection with any relief Coaster may become legally obligated to pay in the Underlying Action for committing contributory copyright infringement.

38. In the absence of a potential duty to indemnify Coaster in connection with Count II of the Underlying Action, Nautilus does not owe a duty to defend Coaster in connection with the Underlying Action.

39. An actual controversy exists between Nautilus on the one hand and Coaster on the other hand, such that the Court may declare the rights and other legal relations of Nautilus and Coaster as respects the Nautilus Policy and the Underlying Action.

WHEREFORE Plaintiff, Nautilus Insurance Company, requests that the Court find and declare as follows:

    a.    There is no possibility that the Nautilus Policy affords coverage for any relief awarded against Coaster in connection with Count II of the Underlying Action;

    b.    Nautilus has no duty to defend Coaster against Count II of the Underlying Action; and

    c.    Nautilus has no duty to indemnify Coaster for any relief awarded against Coaster in connection with Count II of the Underlying Action.

## COUNT II
## NO DUTY TO DEFEND OR INDEMNIFY COUNT II OF UNDERLYING ACTION: <u>EXCLUSION A. PRECLUDES COVERAGE</u>

40. Nautilus realleges and incorporates Paragraphs 1 through 26 above as and for Paragraph 40 of Count II, as if fully set forth herein.

41. As a necessary additional element of contributory copyright infringement, FDN must show that Coaster knew of Amazon's allegedly infringing activity.

42. The Nautilus Policy does not afford coverage for "personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

43. If Coaster is found liable for contributory copyright infringement in the Underlying Action, Exclusion a. (Knowing Violation Of Rights Of Another) would apply to preclude coverage for any damages awarded against Coaster for committing contributory copyright infringement.

44. Nautilus does not owe a duty to indemnify Coaster in connection with any relief Coaster may become legally obligated to pay in the Underlying Action for committing contributory copyright infringement.

45. In the absence of a potential duty to indemnify Coaster in connection with Count II of the Underlying Action, Nautilus does not owe a duty to defend Coaster in connection with the Underlying Action.

46. An actual controversy exists between Nautilus on the one hand and Coaster on the other hand, such that the Court may declare the rights and other legal relations of Nautilus and Coaster as respects the Nautilus Policy and the Underlying Action.

WHEREFORE Plaintiff, Nautilus Insurance Company, requests that the Court find and declare as follows:

    a. There is no possibility that the Nautilus Policy affords coverage for any relief awarded against Coaster in connection with Count II of the Underlying Action;

    b. Nautilus has no duty to defend Coaster against Count II of the Underlying Action; and

    c. Nautilus has no duty to indemnify Coaster for any relief awarded against Coaster in connection with Count II of the Underlying Action.

**COUNT III**
**NO DUTY TO DEFEND OR INDEMNIFY COUNT VI OF UNDERLYING ACTION:**
**<u>INSURING AGREEMENT OF COVERAGE B IS NOT SATISFIED</u>**

47. Nautilus realleges and incorporates Paragraphs 1 through 26 above as and for Paragraph 47 of Count III, as if fully set forth herein.

48. Pursuant to the contract between Coaster and FDN, Coaster agreed to refer its authorized dealers to FDN to execute a website license agreement with FDN.

49. In the Underlying Action, FDN alleges that Coaster breached the Referral Provision of a 2010 contract between Coaster and FDN. Specifically, Count IV of the Underlying Action alleges that Coaster did not comply with this agreement in the contract.

50. To satisfy the Insuring Agreement of Coverage B (Personal and Advertising Injury Liability) the Nautilus Policy, the Underlying Action must implicate a "personal and advertising injury" offense.

51. If Coaster is found liable for breach of contract in the Underlying Action, the breach allegedly committed by Coaster would not satisfy the definition of any "personal and advertising injury" offense.

52. Nautilus does not owe a duty to indemnify Coaster in connection with any relief Coaster may become legally obligated to pay in the Underlying Action for committing breach of contract.

53. In the absence of a potential duty to indemnify Coaster in connection with Count VI of the Underlying Action, Nautilus does not owe a duty to defend Coaster in connection with the Underlying Action.

54. An actual controversy exists between Nautilus on the one hand and Coaster on the other hand, such that the Court may declare the rights and other legal relations of Nautilus and Coaster as respects the Nautilus Policy and the Underlying Action.

WHEREFORE Plaintiff, Nautilus Insurance Company, requests that the Court find and declare as follows:

a. There is no possibility that the Nautilus Policy affords coverage for any relief awarded against Coaster in connection with Count VI of the Underlying Action;

b. Nautilus has no duty to defend Coaster against Count VI of the Underlying Action; and

c. Nautilus has no duty to indemnify Coaster for any relief awarded against Coaster in connection with Count VI of the Underlying Action.

### COUNT IV
### NO DUTY TO DEFEND OR INDEMNIFY COUNT VI OF UNDERLYING ACTION: EXCLUSION F. PRECLUDES COVERAGE

55. Nautilus realleges and incorporates Paragraphs 1 through 26 above as and for Paragraph 55 of Count IV, as if fully set forth herein.

56. Pursuant to the contract between Coaster and FDN, Coaster agreed to refer its authorized dealers to FDN to execute a website license agreement with FDN.

57. In the Underlying Action, FDN alleges that Coaster breached the Referral Provision of a 2010 contract between Coaster and FDN. Specifically, Count IV of the Underlying Action alleges that Coaster did not comply with this agreement in the contract.

58. The Nautilus Policy does not afford coverage for "personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

59. If Coaster is found liable for breach of contract in the Underlying Action, Exclusion f. (Breach of Contract) would apply to preclude coverage for any damages awarded against Coaster for breaching its contract with FDN.

60. Nautilus does not owe a duty to indemnify Coaster in connection with any relief Coaster may become legally obligated to pay in the Underlying Action for committing breach of contract.

61. In the absence of a potential duty to indemnify Coaster in connection with Count VI of the Underlying Action, Nautilus does not owe a duty to defend Coaster in connection with the Underlying Action.

62. An actual controversy exists between Nautilus on the one hand and Coaster on the other hand, such that the Court may declare the rights and other legal relations of Nautilus and Coaster as respects the Nautilus Policy and the Underlying Action.

WHEREFORE Plaintiff, Nautilus Insurance Company, requests that the Court find and declare as follows:

    a. There is no possibility that the Nautilus Policy affords coverage for any relief awarded against Coaster in connection with Count VI of the Underlying Action;

    b.    Nautilus has no duty to defend Coaster against Count VI of the Underlying Action; and

    c.    Nautilus has no duty to indemnify Coaster for any relief awarded against Coaster in connection with Count VI of the Underlying Action.

## COUNT V
## WITHDRAWAL AND REIMBURSEMENT

63.    Nautilus realleges and incorporates Paragraphs 1 through 62 above as and for Paragraph 63 of Count V, as if fully set forth herein

64.    Nautilus has been defending Coaster in the Underlying Action, along with other insurance companies that issued policies of liability insurance to Coaster following expiration of the Nautilus Policy.

65.    There is no possibility that the Nautilus Policy affords coverage for any relief awarded against Coaster in connection with Count II or Count VI of the Underlying Action, the only two causes of action pending against Coaster.

66.    Because there are no potentially covered claims asserted against Coaster in the Underlying Action, Nautilus does not owe a duty to defend Coaster in the Underlying Lawsuit, such that Nautilus should be permitted to withdraw from the defense of Coaster in the Underlying Lawsuit.

67.    Because there are no potentially covered claims asserted against Coaster in the Underlying Action, Nautilus is entitled to reimbursement from Coaster of defense costs it paid to defend.

68.    An actual controversy exists between Nautilus on the one hand and Coaster on the other hand, such that the Court may declare the rights and other legal relations of Nautilus and Coaster as respects the Nautilus Policy and the Underlying Action.

WHEREFORE Plaintiff, Nautilus Insurance Company, requests that the Court find and declare as follows

a. There is no possibility that the Nautilus Policy affords coverage for any relief awarded against Coaster in the Underlying Action;

b. Nautilus has no duty to defend Coaster against the Underlying Action;

c. Nautilus has no duty to indemnify Coaster for any relief awarded against Coaster in the Underlying Action.

d. Nautilus may withdraw from the defense of Coaster in the Underlying Action; and

e. Nautilus is entitled to reimbursement from Coaster for all fees and expenses Nautilus paid to defend Coaster in the Underlying Action.

Dated: October 31, 2022

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By: /s/ Jeremy S. Mackin
    Jeremy S. Macklin
    Attorney for Plaintiff
    NAUTILUS INSURANCE COMPANY

Jeremy S. Macklin (6303870)
**TRAUB LIEBERMAN**
**STRAUS & SHREWSBERRY LLP**
71 South Wacker Drive, Suite 2110
Chicago, Illinois 60606
Telephone: (312) 332-3900
Facsimile: (312) 332-2908
jmacklin@tlsslaw.com