**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| NAUTILUS INSURANCE CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 22-cv-5997 |
| | Judge Thomas M. Durkin |
| COA, INC. dba COASTER COMPANY OF AMERICA, et al., | Magistrate Judge Beth W. Jantz |
| Defendants. | |

**MEMORANDUM OF LAW**
**OF  DEFENDANT COA, INC. dba COASTER COMPANY OF AMERICA**
**IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE,**
**TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Defendant COA, Inc., dba Coaster Company of America ("Coaster"), by its attorneys, hereby files its Memorandum of law in support of its Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to Transfer pursuant to 28 U.S.C. §1404(a).

**I.     INTRODUCTION**

This is an insurance coverage dispute (the "Action") among and between Plaintiff Nautilus Insurance Company ("Nautilus") and Coaster, which arises from an underlying lawsuit filed against Coaster nearly five years ago in the District Court of Minnesota, styled as: *FurnitureDealer.net v. Amazon.com, Inc., et al.*, United States District Court of Minnesota, Civil Case No. 0:18-cv- 00232 (JRN/FLN) (the "*FDN* Action").

The insurance contract is between Coaster and Nautilus.  The other two co-defendants in this Action are not a party to the insurance contract but may be entitled to benefits from the policy. Nautilus agreed to defend and has been defending Coaster in the *FDN* Action since December 21, 2018.  Nearly four years after agreeing to defend Coaster, and while Coaster is embroiled in the *FDN* Action, Nautilus decided to file this Declaratory Judgment Action in Illinois, a state which has no connection to the *FDN* Action, where neither Nautilus or Coaster are incorporated or

headquartered, where the insurance contract was not entered into, and where California, not Illinois law, applies to resolution of the coverage dispute. Coaster is a California Corporation, with its principal place of business in Santa Fe Springs, California. The *FDN* Action is pending in the District Court of Minnesota. Nautilus is an Arizona company with its principal place of business in Scottsdale, Arizona. Coaster's other insurer, Starr Indemnity & Liability Company ("Starr"), has filed a Declaratory Relief Action regarding coverage for the same *FDN* Action in the Central District of California. California law applies to resolution of the coverage dispute between Nautilus and Coaster. Venue and jurisdiction are proper in the Central District of California, not the Northern District of Illinois.

Under Rule 12(b)(2), this Action should be dismissed because this Court lacks personal jurisdiction over Coaster; and under Rule 12(b)(3), this Action should be dismissed because venue is improper in this Court. Alternatively, under 28 U.S.C. §1404(a), this Action must be transferred to the Central District of California.

## II.     PERTINENT FACTS

Coaster is California corporation with its principal place of business in Santa Fe Springs, California. (Declaration of Hurr Ko ("Ko Decl.") ¶4, Ex. A.) Coaster is an importer and distributor of fine furniture and maintains a website, www.coasterfurniture.com, which lists the types of furniture Coaster imports. However, Coaster does not sell its furniture through its website. It is strictly an informational website. (Ko Decl. ¶¶5,6.) Coaster's furniture is sold throughout the country, including in Illinois, through independent furniture stores. (Ko Decl. ¶7.) Coaster maintains an office/warehouse in Chicago, Illinois, from which its customers can pick up furniture, or arrange shipping of the furniture to their location. (Ko Decl. ¶8.)

On May 14, 2018, FurnitureDealer.net filed a First Amended Complaint in the *FDN* Action, adding Coaster as a co-defendant. The *FDN* Action included the following counts: Count I – Direct Copyright Infringement (Amazon.com and Coaster); Count II – Contributory Infringement (Amazon.com and Coaster); Count III – Vicarious Infringement (Amazon.com and Coaster); Count IV – Alteration or Removal of Copyright Management Information (Amazon.com and Coaster);

Count V – Unjust Enrichment (Amazon.com and Coaster); Count VI – Breach of Contract (Coaster); Count VII – Breach of Implied Covenant of Good Faith and Fair Dealing (Coaster). (Ko Decl. ¶9.)

Coaster provided notice of the *FDN* Action to its three insurers, Starr, Nautilus, and Allied World Assurance Company ("Allied"). (Ko Decl. ¶10.) All three insurers agreed to defend Coaster in the *FDN* Action and are currently defending Coaster in the *FDN* Action. (Ko Decl. ¶11.)

The Nautilus policy was issued and delivered to Coaster in California through a California broker. (Ko Decl. ¶13, Ex. B.) Premiums for the Nautilus policy are made by Coaster from its California headquarters. (Ko Decl. ¶14.) Coaster's attorneys in the *FDN* Action are located in California. (Ko Decl. ¶15.) All business decisions and related actions are undertaken by Coaster from its California headquarters. (Ko Decl. ¶16.) All documents related to the insurance policies, the *FDN* Action, and Coaster's business are in California. (Ko Decl. ¶17.)

On November 23, 2020, Starr filed a Declaratory Relief Action in the Central District of California ("*Starr*" Action). (Declaration of Eric R. Little ("ERL Decl.") ¶5.) On March 1, 2021, the Court granted the parties stipulation to stay the *Starr* Action until final resolution of the *FDN* Action. (ERL Decl. ¶6, Ex. C.)

## III.    ARGUMENT

### A.    This Action Should Be Dismissed Pursuance to Rule 12(b)(2) Because This Court Lack Personal Jurisdiction Over Coaster

This Action should be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Coaster. "[A] plaintiff bears the burden of establishing that the Court may exercise personal jurisdiction over the defendants once defendants move to dismiss for lack of personal jurisdiction." *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998) (holding that plaintiff "failed to establish a prima facie case for personal jurisdiction, through either the allegations in its complaint or other evidence in the record").

Nautilus cannot meet its burden of establishing that this Court may exercise personal jurisdiction over Coaster. Nautilus must prove that Coaster is subject to either general or specific jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State,

and is permitted only where the defendant conducts continuous and systematic general business within the forum state. *Id.* Specific jurisdiction, in contrast, "refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Id.*

### 1. Coaster is Not Subject General Jurisdiction

In order to be subject to general jurisdiction, Coaster must have extensive, intentional and continuous contacts in Illinois, which Coaster does not. *See, Richter v. INSTAR Enterprises Intern., Inc.,* 594 F.Supp.2d 1000 (N.D. Ill. 2009):

> In order to expose itself to the general jurisdiction of the courts of Illinois, a **defendant's business contacts in Illinois must be intentional, continuous, and substantial rather than inadvertent, trivial, or sporadic, continue up to the time of suit, and evidence a purpose on the part of the defendant to avail himself of the protection of the laws of Illinois**. …
> …
> Although sales in a state may indicate the extent to which defendant does business in a state, …, **the party's sales must be substantial**. Where a defendant's sales in a state represent both a small percentage of a defendant's total sales and a small volume of sales over all, its contact with the forum state cannot be said to be substantial….
> …
>
> … **In order to be subject to this court's general jurisdiction, a defendant must have contacts that are "so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an [Illinois] court in** *any* **litigation arising out of** *any* **transaction or occurrence taking place** *anywhere* **in the world."** …

*Id.* at 1006–1010 (emphasis added) (citations omitted).

In *ACUITY v. Roadtec, Inc.,* No. 13-cv-6529, 2013 WL 6632631 (N.D. Ill., Dec. 16, 2013), Acuity was a Wisconsin-based insurer and Roadtec was an Indiana company. The coverage action arose out of a workplace accident in Indiana, involving a milling machine. The employee was operating a milling machine in Indiana, which was purchased from a Tennessee corporation and shipped from Tennessee to Roadtec in Indiana. Acuity sued Roadtec in Illinois. *Id.* at *1.

Acuity argued that the court "may exercise personal jurisdiction over Roadtec because Roadtec's contacts with Illinois are continuous and systematic, such that they satisfy the requirements for general personal jurisdiction. …. Namely, Acuity points to Roadtec's interactive website, its sale to and maintenance of equipment for customers in Illinois, two regional

4

representatives whose territory includes Illinois, and Roadtec's Illinois business registration and address." *Id.* at *21. The court dismissed the case for lack of personal jurisdiction, pursuant to Rule 12(b)(2), stating:

> **The "continuous and systematic" standard is rigorous**, because "the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *uBID,* 623 F.3d at 426; ...

> Recent caselaw confirm that the general jurisdiction threshold is indeed rigorous. For example, in *uBID* the defendant extensively marketed and sold domain names in Illinois. *uBID,* 623 F.3d at 424. The defendant—headquartered in Arizona—put up billboards at various Chicago-area stadiums, which combined with the defendant's national advertising and online presence resulted in "hundreds of thousands" of Illinois customers, and "many millions of dollars in revenue" to the defendant in a single year. *Id.* **The Seventh Circuit held that the district court lacked general personal jurisdiction over the foreign defendant, despite "extensive and deliberate" contacts with the forum state**. *Id.* at 426….

> Acuity has alleged the following jurisdictionally-relevant facts: (1) Roadtec is licensed and authorized to conduct business in Illinois; (2) Roadtec maintains a registered address in Chicago; (3) Roadtec distributed, sold, inspected and repaired its equipment in Illinois; (4) Roadtec markets and sells its products to Illinois consumers through its interactive public website, which provides users with the names and contact information of two Roadtec representatives who service the state of Illinois and which allows users to subscribe to Roadtec's newsletter.

> **Acuity's lack of specificity in its pleadings forces us to guess the nature and scope of Roadtec's Illinois contacts**. On the information available, we conclude that we lack general personal jurisdiction. Acuity states that Roadtec has distributed, sold, and maintained its equipment in Illinois, but Acuity offers no relevant data by which we may gauge the level of those sales. Acuity's vague claims that Roadtec sold and serviced its equipment in Illinois do not satisfy its burden. Additionally, Acuity points to the existence of two Roadtec representatives assigned to Illinois. But Acuity again provides no useful details about them, such as whether those representatives actively solicit Illinois business, how often they visit the forum state, or the extent of their business relationships within Illinois. Acuity also focuses on Roadtec's public website. But a website alone, no matter how interactive, cannot support general jurisdiction. *See Tamburo,* 601 F.3d at 701. Finally, Acuity stresses that Roadtec is registered to conduct business, and has an agent for service of process, in Illinois. Although such a registration indicates that Roadtec seeks the benefits and protections of Illinois' laws, an Illinois license or registration does not automatically confer general personal jurisdiction. *See Wilson v. Humphrey's (Cayman) Ltd.,* 916 F.2d 1239, 1245 (7th Cir.1990) ("Registering to do business is a necessary precursor to engaging in business activities in the forum state. However, it cannot satisfy ...

standing alone ... the demands of due process.").

Taken together, Roadtec's contacts with Illinois fall short of the contacts found in *Abbott Labs*.

*Id.* at *4-6 (emphasis added).

Likewise, here, Nautilus' allegations fail to meet its burden of proving that Coaster has extensive and deliberate contacts in Illinois. Nautilus's Complaint states that "Coaster is subject to the Court's personal jurisdiction with respect to this action because it maintains a physical office/warehouse in Des Planes, Illinois and sells furniture through over 100 retailers throughout northern Illinois, 30 of which are designated by Coaster as 'Premier Coaster Dealers.'" [Dkt. No. 1, p. 3.] While it is true that Coaster maintains an office/warehouse in Chicago, Illinois, from which its wholesale customers can pick up furniture or arrange shipping of furniture to the customer's location, this is not enough to satisfy Nautilus's burden of showing significant contacts. Nautilus' lack of specificity in its pleadings and Coaster's lack of substantial contacts within Illinois, lead to one conclusion: this Court does not have general jurisdiction over Coaster.

### 2. Coaster is Not Subject to Specific Jurisdiction

Nautilus also cannot prove that this Court has specific jurisdiction over Coaster. In *INSTAR*, the court found it lacked specific jurisdiction, stating:

> In the absence of general jurisdiction, a court may exercise personal jurisdiction over a nonresident defendant in cases where the defendant has sustained certain minimum contacts and **the claim asserted arises out of or results from the defendant's forum related activities**. **Crucial to the minimum-contacts analysis is a showing that the defendant should reasonably anticipate being haled into court in the forum state because the defendant has purposefully availed itself of the privilege of conducting activities there**. "This requirement ensures that the defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'"
>
> Although not entirely clear, it appears plaintiff argues that this court has specific jurisdiction over defendant because (1) defendant's actions caused harm to plaintiff in the forum state, (2) defendant has an interactive website that displayed the copyrighted work in Illinois, and (3) defendant's works entered the stream of commerce in Illinois and were displayed at craft shows in Illinois. …
>
> …
>
> Accordingly, although plaintiff arguably suffered a financial loss in Illinois from

defendant selling her artwork elsewhere in the country, the effects test fails to support specific jurisdiction in this case.

594 F.Supp.2d at 1010-1012 (emphasis added) (citations omitted); *see also, Macfunding Corporation v Northeast Impressions, Inc.*, 215 F. Supp., 2d 978, 981 (N.D. Ill. 2002) ("[C]ourts look to a number of factors when deciding whether to exercise specific personal jurisdiction over a nonresident defendant, including **who initiated the transaction, where negotiations were conducted, where the parties executed the contract, and where the defendant would have performed the contract**.") (emphasis added).

Nautilus cannot prove that the Court has specific jurisdiction over Coaster. There is no evidence that the insurance contract dispute between Nautilus and Coaster arises from Coaster's "forum related activities." The insurance contract was not entered into in Illinois. Neither Coaster nor Nautilus are Illinois companies. The negotiations and discussions relating to the insurance contract took place in California. The underlying *FDN* Action is not in Illinois, but in Minnesota. Nautilus cannot prove that Coaster's alleged wrongful conduct giving rise to the *FDN* Action, took place in Illinois. Coaster, therefore, did not reasonably anticipate being haled into court in Illinois, when Coaster is a California company, has its principal place of business in California, entered into the insurance agreement in California, is being sued in a related insurance case resulting from the same underlying action in California, and the underlying action and defendants are in Minnesota. Nautilus has haled Coaster into this jurisdiction "solely as a result of 'random,' fortuitous,' or 'attenuated' contacts. *INSTAR,* 594 F.Supp.2d at 1010-1012.

In *Golden Rule Ins. Co. v. Michely,* 555 N.E.2d 1047 (Ill. App. Ct. 1990), the defendant was a resident of Missouri and purchased an insurance policy from an Illinois insurer through a Missourian broker. In a declaratory judgment action for nonliability filed by the Illinois insurer in Illinois, the Court found that it lacked personal jurisdiction over the defendant. Here, Nautilus is not even an Illinois company, but an Arizona company with its principal place of business in Scottsdale,

Arizona. Coaster is a California company. The broker that sold the policy is a California broker. This Court has no personal jurisdiction over Coaster.

Nautilus' assertion that "there is no judicial district in which a substantial part of the events or omissions giving rise to this matter occurred because all relevant actions and/or omissions occurred over the internet" is wrong. [Dkt. 1, ¶9.] This Action involves interpretation of an insurance contract between Nautilus and Coaster and determination of whether the insurance policy provides coverage for the underlying *FDN* Action. The insurance contract is between Nautilus and Coaster only, not the other two co-defendants. As explained herein, there is another judicial district where this Action could have been brought – the Central District of California. California law applies to interpretation of the Nautilus policy. Further, Coaster's other insurer, Starr, has filed a related lawsuit against Coaster in the Central District of California arising out of coverage for the same underlying *FDN* Action. Based upon the facts and applicable law, this Court does not have personal jurisdiction over Coaster. Accordingly, this Action should be dismissed pursuant to Rule 12(b)(2).

### B. This Action Should be Further Dismissed Pursuant to Rule 12(b)(3) Because Venue is Improper in This Court

Rule 12(b)(3) permits dismissal of an action based on improper venue. Even if a court has personal jurisdiction over the parties and subject matter jurisdiction over a dispute, which the Court does not here, the action must be dismissed or transferred if venue is improper.

28 U.S.C. §1391 governs venue of federal actions and provides that venue is proper only under three circumstances, none of which apply in this case. First, venue may be proper in any "judicial district in which any defendant resides." §1391(b)(1). Section 1391(c)(2) provides, with respect to residency of an entity:

> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business;

As explained above, Coaster is not subject to the Court's personal jurisdiction with respect to this Action. Further, not even Nautilus is an Illinois company, but is incorporated in and headquartered in Arizona. Thus, Coaster does not reside in Illinois for purposes of a venue analysis under 28 U.S.C. §1391(c)(2).

Second, venue may be proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." §1391(b)(2). In this case, none of the events giving rise to this action occurred in Illinois. Plaintiff is an Arizona company. Coaster is a California company. The insurance policy was purchased through a California broker. The policy was delivered to Coaster in California. The underlying *FDN* Action is not pending in Illinois, but in Minnesota. The *FDN* Action contains no allegations that any wrongful conduct by Coaster, triggering coverage, took place in Illinois. This is a contract dispute, and Illinois has no connection to the interpretation or resolution of this contract dispute.

Third, "if there is no district in which an action may otherwise be brought," an action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." §1391(b)(3). This sub-paragraph does not apply here because there is another district, namely the Central District of California, where Nautilus could have filed this action and where Coaster is subject to personal jurisdiction.

Indeed, the only district with any logical connection to the parties' contract dispute is the Central District of California. This Court should have little to no interest in resolving an insurance coverage dispute under an insurance policy issued and delivered outside its borders and where California law, not Illinois law, applies to interpretation of the contract. There exists, at best, a very tenuous connection to Illinois, if any. None of the events giving rise to this Action or the *FDN* Action took place in Illinois. None of the parties are Illinois entities.

Courts in this circuit have transferred or dismissed cases with far more contacts with Illinois than there are in this Action. For example, in *Nalco Co. v. Env't Mgmt., Inc*., 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010), the court transferred venue to the Southern District of Mississippi in a dispute

arising from a chemical spill, where the spill occurred in Mississippi and more witnesses were located in Mississippi than Illinois, despite the fact that the contract at issue was executed in Illinois. *See also Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*, 776 F. Supp. 1271, 1276 (N.D. Ill. 1991) (venue transferred to location of property at issue, despite fact that one party was an Illinois corporation); *Caldera Pharms., Inc. v. Los Alamos Nat. Sec.*, LLC, 844 F. Supp. 2d 926, 930 (N.D. Ill. 2012) (venue transferred to New Mexico where events giving rise to fraud claim occurred in New Mexico, despite other connections to Illinois). In this case, venue clearly lies in the Central District of California.

Nautilus seeks to obtain a judicial declaration that it has no obligation to provide a defense or indemnity to Coaster in connection with the underlying *FDN* Action and that it is entitled to reimbursement of defense fees and costs it has paid. The *FDN* Action is pending in Minnesota, not Illinois. Negotiations, contract formation and performance under the subject insurance policy between the parties, occurred exclusively in California. Because a substantial number (if not all) of the events or omissions giving rise to Nautilus' claim occurred in California, not Illinois, the requirements for proper venue pursuant to Section 1391(a)(2) cannot be met.

Coaster acknowledges the traditional rule that courts should give deference to a Plaintiff's chosen forum. However, this rule is inapplicable when there are no grounds for venue, or when a Plaintiff has engaged in forum-shopping. *See e.g.*, *Ferens v. John Deere Co*., 494 U.S. 516, 527 (1990) (discussing forum shopping considerations in transferring venue). In this case, Nautilus' choice of forum in the Northern District of Illinois, with no connection to the underlying action or the policy, strongly suggests forum shopping.

Pursuant to Rule 12(b)(3), this Action must be dismissed for improper venue.

**C.    Alternatively, This Action Should be Transferred to the Central District of California Pursuant to 28 U.S.C. §1404(a)**

In the event that this Court determines that it has personal jurisdiction over Coaster and that venue is proper, it is most appropriate that the Court transfer this Action to the U.S. District Court for the Central District of California.

28 U.S.C. §1404(a) provides, in relevant part, that "for the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer under §1404(a) "'is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice.'" *Esposito v. Airbnb Action, LLC*, 538 F.Supp.3d 844, 847 (N.D. Ill. 2020). This determination is made on an "individualized and case by-case basis," *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000), and "rests in the sound discretion of the trial court," *Chicago, R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 379 (7th Cir. 1954). Transfer is appropriate as long as "considerations of convenience and fairness" favor transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Here, all factors weigh squarely in favor of transfer.

**1. Venue is Proper in the Transferee Court, the Central District of California**

The threshold inquiry in a transfer analysis is whether the lawsuit could have been brought in the proposed transferee district court, the Central District of California. The first step of a transfer analysis is met because venue is proper in the Central District of California. Coaster is a California company with its principal place of business in the Central District of California. The insurance contract at issue was negotiated and delivered in California, to Coaster, a California company, by a California broker. The claims in the underlying *FDN* Action against Coaster center on alleged acts by Coaster, the entirety of which would have occurred or originated in California. There is a related insurance case by Coaster's other insurer, Starr, pending in the Central District of California. As a result, this Action could have properly been brought in the Central District of California.

**2. The Convenience Factors Support Transfer to the Central District of California**

A defendant moving for transfer should show that "the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." 15 Wright, Miller, & Cooper, 4 Practice & Procedure §3849 (2007). Nautilus will not be inconvenienced if this matter is transferred to California, as Nautilus does business in California and has substantial resources to enable it to litigate this matter in California. The convenience factors "include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the ease of access to sources of proof; (4) the

convenience of the witnesses; and (5) the convenience of the parties. *Airbnb,* 538 F.Supp. 3d at 847.

**Plaintiff's choice of forum** – When "plaintiffs' chosen forum was Illinois . . . . the weight given to plaintiff's choice . . . is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." *Von Holdt v. Husky Injection Molding Sys., Ltd*., 887 F. Supp. 185, 188 (N.D. Ill. 1995). The court should give "**due considerable weight**" to the fact that the parties "**negotiated, prepared, and completed**" the subject agreements in another district. *Technical Concepts L.P. v. Zurn Indus., Inc*., No. 02-c-5150, 2002 WL 31433408, at *3 (N.D. Ill. 2002) (emphasis added). Where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Clark v. Crews*, 8:13-cv-2642-T-30MAP, 2014 WL 667825, at *3 (M.D. Fla. Feb. 20, 2014) (citation omitted).

In the instant Action, the chosen forum has very weak, if any, connections to Nautilus' claims. The insurance policy was negotiated in California, delivered by a California broker, in California, to a California company. Interpretation of the agreement is subject to California law. The underlying *FDN* Action is not pending in Illinois. Plaintiff Nautilus is not an Illinois company. "[T]he operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff…" *Id.* Accordingly, Nautilus' forum selection does not control and this factor weighs in favor of transfer.

**The situs of material events** – The events giving rise to the parties' dispute occurred primarily in California. The insurance policy was issued and delivered in California to a California insured. California law applies to interpretation of the policy, and another related insurance coverage action is pending against Coaster in the Central District of California. The material events relevant in the *FDN* Action, as they pertain to Coaster, also presumably took place in California. This factor, therefore, favors transfer.

**The relative ease of access to sources of proof -** All of the documents relating to the facts of this case are located outside of Illinois. All key documents in this case, consisting of the insurance contract, documents pertaining to Coaster's business, advertising, defense of the *FDN* Action, are located in California. All relevant documents from the *FDN* Action are in California. Coaster's

counsel in the *FDN* Action is in California. No "sources of proof" are located in Illinois. As such, the location of the relevant records in California favors transfer.

**The convenience of the witnesses; the convenience of the parties** – Both these factors weigh in favor of transfer. The insurance contract is between Nautilus and Coaster. All of Coaster's employees relevant to this Action, are in California. Coaster's counsel in the *FDN* Action, is in California. Any experts that may be required will be from California because California law applies to interpretation of this contract. The *FDN* Action does not allege wrongful acts by Coaster in Illinois. Venue should be transferred from the Northern District of Illinois because <u>none</u> of the parties, witnesses or documents are located in Illinois. These factors weigh in favor of transfer.

### 3. The Interest of Justice Factors Favor Transfer to Central District of California

The public interest is better served by venue in California. When evaluating the "interest of justice," courts look to factors including: (1) each court's relative familiarity with the relevant law; (2) the respective desirability of resolving controversies in each locale; (3) the relationship of each community to the controversy; (4) and docket congestion and likely speed to trial in the transferor and potential transferee forums. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.* 626 F.3d 973, 978 (7th Cir. 2010). As set forth below, each of these considerations weighs in favor of transferring this action to California.

**Familiarity with applicable law.** In a diversity of citizenship case, such as this, the federal court will apply the choice of law rules of the state in which the district sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487 (1941). Here, to determine which state's law applies to this insurance dispute (Illinois or California), this Court would apply Illinois choice of law principles. *See, Nvidia Corp. v. Federal Ins. Co.,* No. 04-c-7178, 2005 WL 2230190, *4 (N.D. Ill. September 6, 2005):

> Illinois courts employ the "most significant contacts" test to determine the governing substantive law concerning an insurance contract dispute. *See Jupiter Aluminum Corp. v. Home Ins. Co., et al.,* 225 F.3d 868, 873 (7th Cir. 2000). Under this test, insurance policy provisions are normally governed by the following factors: (1) the location of the subject matter; (2) the place of delivery of the contract; (3) the domicile of the insured or insurer; (4) the place of the last act to give rise to a valid contract; (5) the place of performance; or (6) some other place bearing a rational relationship to the general contract. *See Comdisco, Inc.,* 2005

WL 946887 at *3 (quoting *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.,* 655 N.E.2d 842, 845 (Ill. 1995)).

Here, all factors point to application of California law. Coaster is a citizen/domiciliary of California, not Illinois. Nautilus is a citizen/domiciliary of Arizona, not Illinois. The insurance contract was delivered to Coaster in California. The place of the last act giving rise to the contract—such as the location of the signing of the policy, paying the premium, or receiving the contract—is California. The place of performance, *i.e.* payment of claims to Coaster, is California. There is no place, other than California, which bears a rational relationship to the insurance contract. Illinois has no relation to the contract. The insurer, Nautilus, is not an Illinois company. The underlying *FDN* Action is not in Illinois. Further, another lawsuit by Coaster's other insurer, arising from defense of the same *FDN* Action, is already pending in the Central District Court of California. Thus, California law applies and as a result, the Central District of California has much greater familiarity with interpretation and application of California law than this Court, supporting a transfer to California.

**The respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy** – The Central District of California has a great interest in adjudicating this dispute. Coaster's principal place of business is in the Central District of California. Nautilus is an Arizona insurance company authorized to conduct business in California. California has a local interest, therefore, in Nautilus' claims against one of its corporate citizens and ensuring that the insurer provides the coverage it promised to its California insured. This Action does not involve an Illinois company. The underlying *FDN* Action is not in Illinois. Illinois law does not apply. Illinois has no interest in this Action. The only district with any logical connection to the parties' dispute and an interest in its resolution is the Central District of California. This Court should have little to no interest in resolving a dispute involving non-Illinois company residents, under an insurance policy issued and delivered outside its borders.

Moreover, the Central District of California has a greater existing relationship to the parties' disputes in this case and is a more convenient forum because a related lawsuit by Coaster's other insurer, Starr, arising from the same underlying action, is already pending in the Central District of California.

**Docket Congestion.** Another consideration is "how fast the action will proceed to trial." *Sassy, Inc. v. Berry*, 406 F. Supp 2d 874, 877 (N.D. Ill. 2005). In *Sassy*, for example, the Northern District of Illinois found that "[a]ccording to the Judicial Caseload Profiles," the "Middle District of Florida will provide a speedier path to trial – 20.2 months to this [Northern District of Illinois'] 28.4 months." *Id.*; *see also, e.g., Kelly v. McDonald*, No. 03-c-5537, 2004 WL 526741, at *1 (N.D. Ill. 2004) ("The court should also consider whether the transferee district has a lighter docket than the transferor district.").

In the instant case, the Judicial Caseload Profile for the Central District of California indicates a "filing-to-trial" period of 23.5 months for the year 2022 for civil cases. (ERL Decl. ¶9, Ex. D) By contrast, the Judicial Caseload Profile for the Northern District of Illinois reflects a filing-to-trial period of 48.9 months for the same year. (ERL Decl. ¶10, Ex. E) This factor also weighs in favor of transferring to California.

As discussed above, the Central District of California is the proper forum for the most efficient resolution of this matter. Moreover, the events giving rise to the parties' dispute occurred primarily in California. Accordingly, even if the Court declines to dismiss this action for lack of jurisdiction and lack of venue, Coaster requests that the Court transfer the matter to the Central District of California, pursuant to 28 U.S.C. §1404(a).

## IV.    CONCLUSION

For the reasons set forth above, Defendant Coaster respectfully requests that this Court grant its Motion to Dismiss under Rule 12(b)(2) and/or 12(b)(3) or, alternatively, transfer this Action to the Central District of California, pursuant to under 28 U.S.C. §1404(a).

Dated: February 3, 2023                COA, INC. dba Coaster Company of America


By:    ___/s/ Jason A. Frye_____
                 One of Its Attorneys

Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL  60602-3801
(312) 269-8000

-And-

Eric R. Little, Esq.
elittle@landtllp.com
Little & Tarzi, LLP
3333 Michelson Drive, Suite 735
Irvine, CA 92612
(949) 333-1699