UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | |
| Plaintiff, | No. 22 C 5997 |
| v. | Judge Thomas M. Durkin |
| COA, INC. DBA COASTER COMPANY OF AMERICA, FURNITUREDEALER.NET, INC., AND AMAZON.COM, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Nautilus Insurance Company ("Nautilus") brings this action for declaratory judgment against Coaster Company of America ("Coaster"), Furnituredealer.net, Inc. ("FDN"), and Amazon.com, Inc. ("Amazon") concerning Nautilus's duty to defend and indemnify Coaster in an intellectual property suit. Coaster and Amazon move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), and Coaster alternatively moves to transfer the case to the Central District of California under 28 U.S.C. § 1404(a). *See* R. 17; R. 22. For the reasons stated below, the motions to dismiss for lack of personal jurisdiction are granted, and the remaining motions are denied as moot.

**Background**

Nautilus is an insurer incorporated and with its principal place of business in Arizona. R. 1 ¶ 4. Coaster is a furniture importer and distributor incorporated and with its principal place of business in California. *Id.* ¶ 5; R. 19 ¶ 4. Rather than selling

1

furniture through its website, Coaster sells through independent furniture stores across the country, including 133 dealers in Illinois. *Id.* ¶ 6; R. 30-1. Coaster also has a large "office/warehouse" in Des Plaines, Illinois, where customers can pick up furniture or arrange shipping to their location. R. 19 ¶ 8; R. 30-2. For its part, Amazon is a Delaware e-commerce company with its principal place of business in Washington. R. 1 ¶ 7. Amazon advertises to and solicits business from Illinois customers and has dozens of facilities in Illinois, including fulfillment and delivery centers, stores, and a "tech hub," and employs tens of thousands of workers in the state. R 30-3. Both Amazon and Coaster have designated agents for service of process in Illinois. R. 29 at 4, 6–7.

Nautilus insures Coaster through a policy that covers "personal and advertising injury." R. 19-2. Nautilus has been defending Coaster in a suit brought by FDN against Coaster and Amazon for copyright infringement in the United States District Court for the District of Minnesota. R. 1 ¶¶ 9, 10; R. 18 at 3. Nautilus now asks the Court to declare that Nautilus has no duty to defend or indemnify Coaster in that action, that it may withdraw from the defense, and that it is entitled to reimbursement for the defense provided thus far. R. 1 ¶ 68. Nautilus further asks that such a judgment be binding on FDN and Amazon. *Id.* ¶ 3. Coaster and Amazon filed separate motions to dismiss under Rules 12(b)(2) and 12(b)(3). *See* R. 17; R. 22. Coaster alternatively seeks a transfer to the Central District of California pursuant to 28 U.S.C § 1404(a).

## Legal Standard

When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction exists. *See Tile Unlimited, Inc. v. Blanke Corp.*, 47 F. Supp. 3d 750, 755 (N.D. Ill. 2014) (citing *Purdue Res. Found, v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). While ultimately, a plaintiff must carry that burden by a preponderance of the evidence, at this stage, before discovery has taken place, he is only required to make a prima facie showing. *See Strabala v. Zhang*, 318 F.R.D. 81, 108 (N.D. Ill. 2016) (citing *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163–64 (7th Cir. 2015); *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012)). To do so, the plaintiff must allege facts supporting the reasonable inference that an out-of-state defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Courts have interpreted this standard to mean that "'[t]he defendant's conduct and connection with the forum State [must be] such that [it] should reasonably anticipate being haled into court there.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). As with a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff" when evaluating a motion to dismiss for lack of personal jurisdiction. *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

**Analysis**

There are two types of personal jurisdiction: specific and general. Specific jurisdiction grows out of "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 284 (2014). Nautilus does not argue that this Court has specific jurisdiction, so the Court considers only whether there is general jurisdiction.

General jurisdiction exists only "when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Seventh Circuit has cautioned that general jurisdiction "should not lightly be found." *Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695, 698 (7th Cir. 2015). The "paradigm" forums where a corporation is "at home" are its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 122. Additionally, "in an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19 (cleaned up).

Here, neither Coaster nor Amazon is incorporated or has its principal place of business in Illinois. As such, Nautilus must make a prima facie showing that this is an "exceptional" case in which Coaster's and Amazon's affiliations with Illinois are so continuous and systematic as to render them "at home" in Illinois. Importantly, the inquiry is not focused solely on the magnitude of a defendant's in-forum contacts, but

rather, "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.* at 139 n.20. Nautilus's allegations fall short.

At the outset, Nautilus relies on the incorrect standard in arguing that general jurisdiction exists because Coaster and Amazon have "continuous and systematic" contacts with Illinois. As the Seventh Circuit has recognized, *Daimler* "raised the bar for this type of jurisdiction," such that "more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice" is required. *Kipp*, 783 F.3d at 698 (quoting *Daimler*, 571 U.S. at 138).

For Coaster, the presence of a single multi-use warehouse, 133 independent dealers, and a designated agent for service of process in Illinois at most supports that Coaster does business in Illinois, but not that it is at home. *See Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 19 (applying *Daimler* in holding that the fact that the defendant did business in Illinois through a warehouse in Joliet was insufficient to show that Illinois was defendant's "surrogate home"); *see also Harbor Grand, LLC v. EMCASCO Ins. Co.*, No. 1:21-CV-5335, 2022 WL 4079436, at *3 (N.D. Ill. Sept. 6, 2022) (no general jurisdiction where defendant had office, presumably had employees, and advertised and solicited business in Illinois); *Sullivan v. Sony Music Ent.*, No. 14 CV 731, 2014 WL 5473142, at *3 (N.D. Ill. Oct. 29, 2014) (no general jurisdiction where entity was registered to do business, had a registered agent for service of process, and operated a facility in Illinois that distributed music and videogames). In fact, Coaster has warehouses in other states and uses independent dealers in nearly every state, with some states having far more dealers than Illinois.

5

*See* R. 30-1, 30-2. The Supreme Court has rejected such a "sprawling" view of general jurisdiction, wherein a large distributer like Coaster can be sued for any claim for relief wherever its products are distributed. *Goodyear*, 564 U.S. at 929.

For Amazon, while its dozens of facilities, thousands of employees, and solicitation of business in Illinois are certainly significant, those contacts do not suffice to make Amazon "at home" in Illinois. *See BNSF Ry. Co. v. Tyrell*, 581 U.S. 402, 410 (2017) (railway was not "at home" in Montana despite having over 2,000 miles of railroad track and more than 2,000 employees there). The key is that Amazon has similar numbers of facilities and employees in numerous states across the country, and even more contacts in Texas, California, and Washington. *See* R. 30-3. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 140 n.20; *see also Garcia v. NutriBullet, L.L.C.*, No. 2:21-cv-09348-DDP, 2022 WL 3574699, at *2 (C.D. Cal. July 14, 2022) (finding no general jurisdiction over Amazon in California because the connection with the forum was not unique); *Capital Credit Inc. v. Mainspring Am., Inc.*, No. A-19-CV-797-LY, 2020 WL 4043499, at *3 (W.D. Tex. July 17, 2020), *report and recommendation adopted*, No. 1:19-CV-797-LY, 2020 WL 9810026 (W.D. Tex. Aug. 11, 2020) (finding no general jurisdiction over Amazon in Texas because Amazon "does business everywhere" and there was no evidence that Texas was the "center" of operations). Accordingly, Nautilus has failed to make out a prima facie case of general jurisdiction as to both Coaster and Amazon.

## Conclusion

The Court therefore grants Coaster's and Amazon's motions to dismiss for lack of personal jurisdiction and dismisses the case without prejudice to Nautilus refiling in an appropriate forum. The remaining motions are denied as moot.[1]

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 13, 2023

---

[1] Because Coaster seeks a transfer to the Central District of California under 28 U.S.C. § 1404(a) "in the alternative" to the motions to dismiss, and the Court grants the motion to dismiss for lack of personal jurisdiction, the Court declines to analyze whether a transfer of the case to that District is appropriate.

7